**Luis CARRILLO–ESTRADA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 02–72230.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

Luis Carrillo–Estrada, Santa Ana, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., Margaret K. Taylor, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Luis Carrillo–Estrada, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals'

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order affirming without opinion an immigration judge's ("IJ") order pretermitting his application for cancellation of removal on the ground that he is barred from establishing good moral character. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review whether an alien's conduct falls within a per se exclusion category for purposes of eligibility for cancellation of removal, *see Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005), and we review findings of fact for substantial evidence, *id.* at 1091. We grant in part and dismiss in part the petition for review, and remand for further proceedings.

The IJ concluded that Carrillo–Estrada was statutorily ineligible for cancellation of removal, based on his testimony that he paid a smuggler to assist his wife to enter the United States without inspection. The agency did not have the benefit, however, of this court's decision in *Moran*. *See* 395 F.3d at 1093–94 (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility ... for cancellation of removal ... because the Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his or her spouse or child to enter the United States in violation of the law). Under *Moran*, Carrillo–Estrada is eligible for a family unity waiver, and the agency improperly pretermitted his application for cancellation of removal. *See id.*

In accordance with *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for further proceedings consistent with this decision.

Petitioner's motion to remand is dismissed as moot.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**